**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 19, 2020
Date Decided: May 26, 2020

Michael W. McDermott, Esq.
David B. Anthony, Esq.
BERGER HARRIS LLP
1105 N. Market St., Suite 1100
Wilmington, Delaware 19801

Herbert W. Mondros, Esq.
Helene E. Episcopo, Esq.
MARGOLIS EDELSTEIN
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801

Re: *Witt v. NeuroSigma Inc.*, C.A. No. 2020-0121-SG

Dear Counsel:

This expedited 8 *Del. C.* § 225 action is before me on the parties' Cross-Motions for Judgment on the Pleadings. In his Verified Complaint (the "Complaint"), the Plaintiff, Mr. Witt, has alleged that he was validly appointed as a director of the Defendant, NeuroSigma, Inc. ("NeuroSigma") at a special meeting of NeuroSigma's board of directors (the "Board") on November 15, 2019.[1] NeuroSigma denies that the Plaintiff was validly appointed to the Board.

NeuroSigma contends that while the notice to call the special meeting by the Chairman of NeuroSigma (the "Notice") was technically timely under NeuroSigma's bylaws, it was insufficient and misleading. NeuroSigma's other two directors, Messrs. Ekchian and Calhoun, contend that they were unaware that the

---

[1] Verified Complaint Pursuant to 8 *Del. C.* § 225, D.I. 1 ("Compl."), ¶ 1.

meeting would be for the purposes of electing Mr. Witt as a director. NeuroSigma contends that Messrs. Eckhian and Calhoun were intentionally misled into attending the meeting, and that consequently any action by the Board appointing the Plaintiff to the Board is invalid.

While Mr. Calhoun signed a resolution appointing the Plaintiff to the Board, he has submitted a sworn affidavit that his understanding was that unanimity was required for the resolution to be effective, and that he "understood that there was a consensus . . . that Mr. Witt had not been elected a member of the NeuroSigma Board at that meeting because of the lack of unanimity among the directors regarding the resolution."[2] The parties do not dispute that Mr. Eckhian refused to sign the resolution. Mr. Eckhian, along with Mr. Calhoun, did sign the meeting minutes, but has submitted a sworn statement that the was pressured into signing the minutes by the Chairman's daughter, an attorney, and relied on her assertion that he was simply confirming that a Board meeting took place.[3] Mr. Eckhian's sworn statement also avers that he asked that the meeting be delayed until corporate counsel was available to attend and advise the directors, but such request was denied.[4] Per NeuroSigma, it is the opinion of NeuroSigma's corporate counsel that the Plaintiff was not properly

---

[2] Amended Verified Answ. to Pl.'s Compl., D.I. 17 ("Answ."), Ex. I. ¶¶ 7, 9.
[3] Answ., Ex. G., ¶ 13.
[4] *Id*. ¶ 6.

appointed to the Board, and the Board has functioned since the November 15, 2019 meeting as though Mr. Witt is not a member of the Board.[5]

NeuroSigma also contends that there was no vote or election of directors at the meeting, specifically that there was no motion, no second, and consequently no election. Finally, NeuroSigma asserts that the Plaintiff's claims are barred by laches, acquiescence, and waiver.

A motion for judgment on the pleadings under Chancery Court Rule 12(c) may be granted only where no material issue of fact exists and the movant is entitled to judgment as a matter of law.[6] Where, such as here, there are cross-motions for judgment on the pleadings, "the court must accept as true all of the non-moving party's well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party," and "also may consider the unambiguous terms of exhibits attached to the pleadings, including those incorporated by reference."[7]

Here, based on the parties' allegations, I find that material issues of fact exist regarding the notice of, and conduct at, NeuroSigma's November 15, 2019 Board meeting. It is not possible at this pleading stage to determine as a matter of law whether the Plaintiff was validly appointed as a member of the Board. This matter

---

[5] Answ., at 19, 25.
[6] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).
[7] *OSI Sys., Inc. v. Instrumentarium Corp.*, 892 A.2d 1086, 1090 (Del. Ch. 2006).

would benefit from the further development of the record.  For these reasons, the parties' Cross-Motions are denied.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III